IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv526-3-W
3:08CR209-W

| | | |
|---|---|---|
| MATTHEW BOYD LISENCO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon Petitioner's filing entitled "U.S.C. § 2255 Motion of Habeus (sic) Corpus" filed October 20, 2010 (Doc. No. 1). It appears Petitioner may be attempting to file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a petitioner "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. Petitioner did not use either form. Consequently, this Court is dismissing Petitioner's filing without prejudice for failure to comply with the requirements of Rule 2(c) of the Rules Governing Section 2255

1

Proceedings for the United States District Courts.

The Court cautions Petitioner that if he decides to file a Motion to Vacate, he must be cognizant of the Antiterrorism and Effective Death Penalty Act's (the "AEDPA") one year limitations period. The AEDPA imposes a 1-year statute of limitations period for the filing of a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction and sentence was imposed by a Judgment filed October 30, 2009, and no appeal was taken. (Case No. 3:08cr209:

2

Doc. No. 20, Judgment]. Consequently, the Court's Judgment became final 10 business days after its entry, i.e., on November 16, 2009. Fed.R.App.P. 4(b)(1)(A)(1) and (6) (then providing a 10-day period after entry of Judgment in criminal docket for giving notice of appeal); Fed.R.App.P. 26; Fed.R.Crim.P. 45(a) (then excluding intermediate Saturdays, Sundays and legal holidays from computation of filing deadlines when the period is less than 11 days). Thus, in the absence of any intervening circumstances, Petitioner has up to and including November 16 2010, in which to file a Motion to Vacate in compliance with Rule 2 of the Rules Governing Section 2255 Proceedings.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED without prejudice**. **IT IS FURTHER ORDERED** that the Clerk send Petitioner a copy of the form Motion to Vacate, Set Aside, or Correct Sentence along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 22, 2010

Frank D. Whitney
United States District Judge